## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEJANDRO ARMANDO,     :     No. 3:26cv860
AMAYA CRUZ,            :
       Petitioner     :     (Judge Munley)
                :
    v.     :
                :
WARDEN, PIKE COUNTY     :
CORRECTIONAL CENTER;     :
TODD LYONS, in his official capacity     :
as Acting Director of U.S.     :
Immigration and Customs     :
Enforcement; MARKWAYNE     :
MULLIN, in his official capacity as     :
Secretary of the United States     :
Department of Homeland Security;     :
and TODD BLANCHE, in his     :
official capacity as Acting     :
Attorney General of the United     :
States,     :
       Respondents     :
........................................................................................................................

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Alejandro

Armando Amaya Cruz pursuant to 28 U.S.C. § 2241.[1]  Petitioner challenges his

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Amaya Cruz filed the instant petition while detained at a county prison in Pike County, Pennsylvania.  The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the INA is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

present detention at the Pike County Correctional Facility ("Pike CCF") by Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS"). For the reasons set forth below, the petition will be granted, and Amaya Cruz will be released.

Amaya Cruz is a native and citizen of El Salvador. (Doc. 4-2, Resp. Ex. 2, I-213). In August 2019, Amaya Cruz entered the United States at the Southern Border with his daughter, then approximately seven years old. Id. United States Border Patrol arrested the petitioner and DHS detained him, along with his daughter, at a temporary processing facility in Donna, Texas. Id. There, he was served with a Notice to Appear and placed in removal proceedings as being present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i). Id. ICE released Amaya Cruz with his daughter on an order of recognizance. Id. At some point, Amaya Cruz and his daughter made their way to Scranton, Pennsylvania. Id. The petitioner obtained employment in the city with a poultry producer. Id. Petitioner alleges that he raised an asylum claim in 2020. (Doc. 1, Pet., ¶ 12).

In January 2022, an immigration judge ("IJ") in Philadelphia terminated removal proceedings without prejudice. (Doc. 4-4, Resp. Ex. 3). Specifically, according to the IJ's order, DHS did not oppose petitioner's motion to terminate. Id. The IJ also indicated that DHS did not meet its burden of proving by

clear and convincing evidence that Amaya Cruz was removable as charged.[2]  Id.

Almost four years later, on December 18, 2025, Amaya Cruz was the subject of targeted enforcement operations by federal agents from ICE's Enforcement and Removal Office, Homeland Security Investigations, and the Internal Revenue Service. (Doc. 4-2, Resp. Ex. 2, I-213).  At approximately 7:10 AM, on a Thursday, federal agents observed Amaya Cruz exit a residence in West Scranton, enter a green Ford Focus, and ostensibly drive in the direction of his employer's processing plant in Southside. Id.  Shortly thereafter, federal agents executed a vehicle stop near the University of Scranton's sports complex and arrested the petitioner. Id.

The consortium of federal agents transported Amaya Cruz to the Scranton Police Department where they questioned him about his daughter's age and the availability of local caregivers. Id.  Amaya Cruz's daughter was placed in the custody of an aunt. Id.  As the record stands, the government is not seeking the removal of Amaya Cruz's teenage child from the United States.  However, the government is seeking to remove her father.

---

[2] The court ordered the government to supply Amaya Cruz's A-file to get a better understanding the parties' arguments with respect to Amaya Cruz's petition and the previous immigration proceedings, including Amaya-Cruz's asylum application. (Doc. 2 ¶ 6).  The government did not comply with that order.

Amaya Cruz argues that he is unlawfully detained as the result of the government's misapplication of 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a), a discretionary detention statute. Amaya Cruz further argues that, due to this misclassification, his due process rights are being violated because he has not been provided with a bond hearing. Petitioner requests his immediate release from Pike CCF, a county prison located in Lords Valley, Pennsylvania.

On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment. Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[3] See Cunha v. Freden, No. 25-3141-PR, --- F. 4th ----,

---

[3] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, No. 3:25-CV-2276, --- F. Supp. 3d ----, 2025 WL 3537279, at *5 (M.D. Pa. Dec. 10, 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5

4

2026 WL 1146044, at *4, *14–23 (2d Cir. Apr. 28, 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th Cir. 2025) (discussing 8 U.S.C. § 1225 on a preliminary record and concluding that the government was unlikely to succeed with its argument that noncitizens in the interior of the country are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)).

In Amaya Cruz's case, he was released on his own recognizance at the border into the United States.  DHS did not oppose petitioner's motion to terminate removal proceedings in 2022.  Thus, Amaya Cruz lived and worked and parented in the United States for over six years before being taken into custody for renewed deportation efforts.  As a result, Section 1226(a) applies to his detention, not Section 1225(b)(2)(A).[4]

---

(December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

[4] Amaya Cruz is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Cunha, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026).  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

As for the constitutional issues raised in Amaya Cruz's petition, it is undisputed in this case that he entered the United States illegally with his daughter and was apprehended at or near the United States-Mexico border. People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

To reiterate, "[n]o person," including Amaya Cruz, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas v. Davis, 533 U.S. 678, 721 (2001) (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Consequently, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) leads to a conclusion that Amaya Cruz's imprisonment at Pike CCF without bond under a mandatory detention statute is a violation of his constitutional rights.[5]  At least one agent from Homeland Security Investigations performed recognizance on Amaya Cruz's residence.  Yet, there is no evidence of record that Amaya Cruz has committed any federal (or state) criminal offense.  At least one agent from the Internal Revenue Service also aided in Amaya Cruz's arrest.  Yet, there is no evidence of record that Amaya Cruz failed to pay his taxes.  In response to the petition, the government has not provided any information suggesting that Amaya Cruz is a

---

[5] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335.  First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel, 2025 WL 3516865, at *6 (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F.Supp.3d 397, 409 (D.N.J. 2025); Quispe, 2025 WL 3537279, at *7).  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

7

danger to the community or a flight risk.  They provided a record that demonstrates that he was a single working father of a teenage daughter in Scranton, Pennsylvania.  Upon entry to this country, the government released the petitioner on his own recognizance.  That will happen again today.

Specifically, habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).  Amaya Cruz's continued detention without bond under Section 1225(b)(2)(A) violates his due process rights.  The circumstances presented to the court demonstrate that release is the appropriate remedy.  Therefore, respondents shall immediately release Amaya Cruz from their custody because he was unlawfully detained without the opportunity for a bond hearing.[6]  See Kashranov v. Jamison, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (Wolson, J.).

Furthermore, the respondents, including DHS and ICE will be enjoined from re-detaining Amaya Cruz under 8 U.S.C. § 1225(b)(2)(A) absent a material change in relevant circumstances. See id.  Respondents will be temporarily

---

[6] To the extent that Craig Lowe, Warden of Pike CCF is the only proper respondent in this matter, Lowe is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

8

enjoined from re-arresting Amaya Cruz for a period of 7 days to ensure that this habeas remedy is effective. Id.  Respondents, including ICE, may not impose any other restrictions on Amaya Cruz's release, including any form of body-worn electronic monitoring.  Amaya Cruz may move to reopen this matter if the government later seeks to detain him under Section 1226(a) and fails to schedule a timely bond hearing.[7]

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1)    Alejandro Armando Amaya Cruz's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2)    Amaya Cruz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A);

3)    Respondents shall **immediately** release Amaya Cruz from their custody;

---

[7] Amaya Cruz's request for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 is not yet ripe for disposition.  The Third Circuit recently confirmed that a habeas proceeding challenging immigration detention under 28 U.S.C. § 2241 is a "civil action" for purposes of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and that the EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 432 (3d Cir. Feb. 2, 2026).  Amaya Cruz will thus be permitted to file a motion for costs and fees pursuant to the EAJA within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.).

4)   On or before **May 4, 2026 at noon**, respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Amaya Cruz has been released;

5)   Respondents shall release Amaya Cruz under the same conditions that existed prior to his detention, including release: (1) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (2) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (3) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6)   Respondents are enjoined from re-detaining Amaya Cruz under 8 U.S.C. § 1225(b)(2)(A) absent a material change in relevant circumstances;

7)   Respondents are temporarily enjoined from re-arresting Amaya Cruz for a period of 7 days to ensure that this habeas remedy is effective;

8)   Should respondents detain Amaya Cruz pursuant to 8 U.S.C. § 1226(a), petitioner may move to reopen this matter if the government fails to schedule a timely bond hearing in which an IJ assesses whether he poses a flight risk or a danger to the community;

9)    Amaya Cruz may file a motion for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 within thirty (30) days of final judgment; and

10)    The Clerk of Court is directed to close this case.

Date: ___4/30/26___

_____
JUDGE JULIA K. MUNLEY
United States District Court

11